ORIGINAL

Approved: _____
AMANDA L. HOULE / JASON M. SWERGOLD
Assistant United States Attorneys

U.S. DISTRICT COURT
FILED
AUG 24 2016
S.D. OF N.Y.

Before:    HONORABLE ANDREW J. PECK
           United States Magistrate Judge
           Southern District of New York

16 MAG 5377

- - - - - - - - - - - - - - - - - - - - - - X
                                             :
UNITED STATES OF AMERICA                     :
                                             :
        - v. -                               :
                                             :    COMPLAINT
                                             :
JOSE MANUEL RODRIGUEZ DEMERA,                :    16 Mag.
ABEL ANTONIO GONZALEZ PINARGOTE,             :
FELIX RUFINO DAJOME, and                     :    Violation of 46 U.S.C.
HENRY URIEL ZAPATA GONZALEZ,                 :    §§ 70503(a)(1),
                                             :    70504(b)(1), and
                    Defendants.              :    70506(a) & (b)
                                             :
- - - - - - - - - - - - - - - - - - - - - - X

DOC #_____

SOUTHERN DISTRICT OF NEW YORK, ss.:

        RONALD J. HANSEN, being duly sworn, deposes and says
that he is a Special Agent with the Department of Homeland
Security Investigations ("HSI"), and charges as follows:

COUNT ONE
(Conspiracy to Violate Maritime Drug Enforcement Laws)

        1.    In or about August 2016, in Colombia, the high
seas, and elsewhere, and in an offense begun and committed upon
the high seas outside of the jurisdiction of any particular
State or district of the United States, JOSE MANUEL RODRIGUEZ
DEMERA, ABEL ANTONIO GONZALEZ PINARGOTE, FELIX RUFINO DAJOME,
and HENRY URIEL ZAPATA GONZALEZ, the defendants, who will be
first brought to and enter the United States in the Southern
District of New York, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate
and agree together and with each other to violate the maritime
drug enforcement laws of the United States.

        2.    It was a part and an object of the conspiracy
that JOSE MANUEL RODRIGUEZ DEMERA, ABEL ANTONIO GONZALEZ
PINARGOTE, FELIX RUFINO DAJOME, and HENRY URIEL ZAPATA GONZALEZ,
the defendants, and others known and unknown, would and did
manufacture and distribute, and possess with intent to

manufacture and distribute, a controlled substance on board a
vessel subject to the jurisdiction of the United States, in
violation of Title 46, United States Code, Section 70503(a)(1).

        3.    The controlled substance that JOSE MANUEL
RODRIGUEZ DEMERA, ABEL ANTONIO GONZALEZ PINARGOTE, FELIX RUFINO
DAJOME, and HENRY URIEL ZAPATA GONZALEZ, the defendants,
conspired to manufacture and distribute, and possess with intent
to manufacture and distribute, on board a vessel subject to the
jurisdiction of the United States, was five kilograms and more
of mixtures and substances containing a detectable amount of
cocaine, in violation of Title 46, United States Code, Section
70506(a).

   (Title 46, United States Code, Sections 70506(b) & 70504(b)(1);
        Title 18, United States Code, Section 3238.)

## COUNT TWO
(Violation of Maritime Drug Enforcement Laws)

        4.    In or about August 2016, in Colombia, the high
seas, and elsewhere, and in an offense begun and committed upon
the high seas outside of the jurisdiction of any particular
State or district of the United States, JOSE MANUEL RODRIGUEZ
DEMERA, ABEL ANTONIO GONZALEZ PINARGOTE, FELIX RUFINO DAJOME,
and HENRY URIEL ZAPATA GONZALEZ, the defendants, who will be
first brought to and enter the United States in the Southern
District of New York, manufactured and distributed, and
possessed with intent to manufacture and distribute, while
aboard a vessel subject to the jurisdiction of the United
States, five kilograms and more of mixtures and substances
containing a detectable amount of cocaine.

      (Title 46, United States Code, Sections
       70503(a)(1), 70504(b)(1), 70506(a);
   Title 18, United States Code, Sections 3238 & 2.)

        The bases for my knowledge and the foregoing charge
are, in part, as follows:

        5.    I am a Special Agent with HSI.  This Affidavit is
based upon my personal participation in the investigation, my
examination of reports and records, and my conversations with
other law enforcement agents and other individuals.  Because
this Affidavit is being submitted for the limited purpose of
demonstrating probable cause, it does not include all the facts
that I have learned during the course of my investigation.
Where the contents of documents and the actions, statements, and

conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

a. HSI has been investigating a Colombian drug cartel (the "Cartel") that sends shipments of cocaine to various points around the world by, among other methods, panga boats or "go-fasts." In or about August 2016, HSI received information that the Cartel was sending a go-fast carrying a large shipment of cocaine from Colombia. HSI passed that information on to the United States Coast Guard (the "Coast Guard").

b. On or about August 13, 2016, a Joint Interagency Task Force South aircraft (the "Aircraft") was on routine patrol approximately 305 nautical miles south of the coast of the border between Mexico and Guatemala. While there, an occupant of the Aircraft observed what appeared to be a go-fast boat (the "Go-Fast"). The Aircraft communicated this information to the Coast Guard command, which dispatched a Coast Guard cutter (the "Cutter") to intercept the Go-Fast.

c. The Cutter approached the Go-Fast and launched a patrol boat (the "Patrol Boat"), which proceeded to intercept the Go-Fast. As the Patrol Boat approached the Go-Fast, the Go-Fast stopped in the water and occupants of the Go-Fast jettisoned packages into the ocean.

d. Occupants of the Patrol Boat (the "Boarding Team") boarded the Go-Fast, where they found JOSE MANUEL RODRIGUEZ DEMERA, ABEL ANTONIO GONZALEZ PINARGOTE, FELIX RUFINO DAJOME, and HENRY URIEL ZAPATA GONZALEZ, the defendants. In response to questioning by the Boarding Team, DEMERA, who claimed to be in charge of the Go-Fast, claimed Ecuadorian nationality for himself and the Go-Fast.

e. The Coast Guard contacted Ecuadorian authorities, which could neither confirm nor deny the nationality of the Go-Fast. The Coast Guard then authorized the Boarding Team to treat the Go-Fast as a vessel without nationality and detain the defendants.

f. The Boarding Team recovered approximately twenty-one bales from the water. Two samples from the bales were field-tested, and tested positive for the presence of

3

cocaine.   In total, the twenty-one bales contained approximately
510 kilograms of cocaine.

WHEREFORE, the deponent respectfully requests that
warrants be issued for the arrests of JOSE MANUEL RODRIGUEZ
DEMERA, ABEL ANTONIO GONZALEZ PINARGOTE, FELIX RUFINO DAJOME,
and HENRY URIEL ZAPATA GONZALEZ, the defendants, and that they
be imprisoned or bailed, as the case may be.

RONALD J. HANSEN
Special Agent, HSI

Sworn to before me this
24th day of August, 2016

HONORABLE ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

4